# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 6890 | **DATE** | 1/14/2004 |
| **CASE TITLE** | Tice vs. American Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, defendant's motion to lift the stay and enter a dismissal order (269) is granted. Judgment is entered dismissing the case for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 20 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 275 |
| | Copy to judge/magistrate judge. | | |
| OR6 | courtroom deputy's initials | JAN date mailed 2004 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Robert H. Tice, et al., )
)
        Plaintiffs, )
)
vs. ) Case No. 95 C 6890
)
American Airlines, Inc., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

JAN 2 0 2004

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case were pilots for American Airlines who were forced out of the pilot's seat by an Federal Aviation Administration regulation that provides that no person can serve as a commercial pilot or copilot after reaching age sixty. Some planes require a third officer in the cockpit called a flight officer. The flight officer monitors the plane's fuel, electrical, hydraulic and other systems but is not a pilot or a copilot and is therefore not subject to the FAA regulation. The plaintiffs wanted to be able to "downbid" to flight officer positions but American would not permit them to do so. It claimed to have a rigid "up-or-out" policy under which flight officers must be eligible to advance to the pilot position, *see Murnane v. American Airlines, Inc.*, 667 F.2d 98, 99 (D.C. Cir. 1981), thereby allowing the airline to use the flight officer slot to train future pilots. Because the plaintiffs could not meet this requirement, American would not allow them to serve as flight officers.

Plaintiffs sued American claiming age discrimination. American contended that all disqualified pilots are treated alike; a pilot who is disqualified because he has reached sixty is

treated the same as, for example, a pilot disqualified for health reasons or for failing the pilot's proficiency test. On this basis, American moved for summary judgment, arguing that plaintiffs could not prove discrimination based on age.

In response, plaintiffs disputed the existence of the purported policy. Once this dispute became crystalized, American moved to dismiss this action for lack of subject matter jurisdiction. It argued that the plaintiffs' claim turned on issues that were subject to the mandatory arbitration provisions of the Railway Labor Act, which applies to commercial airlines. The court agreed with American, concluding that resolution of the dispute over the existence of the alleged policy was dispositive of the case, thus requiring dismissal of the action for lack of subject matter jurisdiction. *See Tice v. American Airlines, Inc.*, Case No. 95 C 6890, 2001 WL 1002466, at *2 (N.D.Ill. Aug. 30, 2001).

On appeal, the Seventh Circuit agreed that "the plaintiffs' suit is dependent on their preferred interpretation of the agreement." *Tice v. American Airlines, Inc.*, 288 F.3d 313, 315 (7th Cir. 2002). It also agreed that the dispute over the existence of the policy had to be submitted to arbitration under the RLA. *Id.* The court ruled, however, that the case should be stayed pending arbitration, not dismissed. *Id.* at 317-18. It described alternative scenarios as to what was to become of the case depending on the arbitrator's ruling. If the arbitrator's decision "does not resolve the issues in the suit," the court said, the case could resume. *Id.* at 318. If, on the other hand, the arbitrator ruled that the applicable collective bargaining agreement expressly or by implication made all disqualified captains ineligible to serve as flight officers irrespective of age, the court stated, "they have no possible discrimination claim." *Id.* The case was to be stayed pending arbitration, the court said, "in order to spare the parties the burden of a second

2

litigation should the arbitrators fail to resolve the entire controversy." *Id.*

The parties proceeded to arbitration, where the arbitrator found that, as American had contended, it had an across the board policy barring all persons disqualified to become pilots from serving as flight officers. American has now moved the Court to dismiss the case for lack of jurisdiction or alternatively to grant summary judgment, arguing that the arbitrator left no issues for the Court to resolve. Plaintiffs disagree, arguing that they should be able to pursue a claim of age discrimination based on direct evidence irrespective of the arbitrator's ruling. The Court agrees with American.

As this court previously articulated, if the parties' dispute over the express or implied terms of the collective bargaining agreement was dispositive of the plaintiffs' claim, then the court lacks subject matter jurisdiction over the case. *Tice*, 2001 WL 1002466 at *2, citing *Brown v. Illinois Central R.R. Co.*, 254 F.3d 654, 664 (7th Cir. 2001). The Seventh Circuit agreed, differing with this court only on the question of what should happen to the case pending arbitration. The Seventh Circuit made it abundantly clear that the plaintiffs' claim was wholly dependent on their preferred interpretation of the collective bargaining agreement. *Tice*, 288 F.3d at 315. ("[T]he only basis on which Plaintiffs could [prevail] is if the collective bargaining agreement between the airline and its pilot union entitles more senior pilots to bump less senior ones from those positions. In the absence of such a contractual provision, an employer would have no duty to give another job to an employee validly disqualified from holding his present job.") *Id.* In short, the Seventh Circuit has made it clear that the arbitrator's decision against the plaintiffs is dispositive of the case.

The court rejects plaintiffs' contention that we should consider their direct-evidence

3

theory, which they argue was not disposed of by the arbitrator's decision. There are two problems with plaintiffs' argument. First, it has been forfeited by plaintiffs. The time for plaintiffs to assert this theory of liability was in their opposition to American's summary judgment motion, but they did not do so. Second, even if not forfeited, the theory lacks merit. If *no* disqualified pilot can downbid, it is not age discrimination to refuse to allow downbidding by those disqualified pilots whose disqualification is based on their age. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985). To hold otherwise would essentially require preferential treatment based on age, which the ADEA does not require. *Tice*, 288 F.3d at 318.

Plaintiffs' remaining arguments essentially amount to an attack on the merits of the arbitrator's ruling. The Court agrees with American that such an attack is without merit given the exceedingly narrow scope of review that applies to arbitration decisions under the RLA. *See, e.g., Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 91, 93 (1978). The arbitrator complied with the RLA's requirements and did not exceed his jurisdiction when he considered American's policies and practices and the collective bargaining agreement's acquiescence in those practices.

## Conclusion

For the reasons stated above, defendant's motion to lift the stay and enter a dismissal order [Docket #269] is granted. The Clerk is directed to enter judgment dismissing the case for lack of subject matter jurisdiction.

MATTHEW F. KENNELLY
United States District Judge

Date: January 14, 2004

4